**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| Delia Webster ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | 1:13-cv-1992 |
| Bank of America ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

**I.  INTRODUCTION**

1. Plaintiff, DELIA WEBSTER, (hereinafter "Plaintiff") brings this action against Defendant, Bank of America (hereinafter "Defendant"), for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

**JURISDICTION AND VENUE**

1. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. *Mims v. Arrow Financial Services, Inc.*, 132 S.Ct. 740 (Jan. 18, 2012).

2. Venue is proper because a substantial portion of the events complained of occurred in this District.

**PARTIES**

3. Plaintiff is a natural person who resides in this district.

4. Bank of America, N.A. is one of the largest banks in the world. Bank of America N.A. is the successor by merger to BAC Home Loans Servicing, LP, plaintiff's mortgage

servicing company. Allegations in this complaint that mention Bank of America, N.A. ("BofA") should be understood to include both that entity and its predecessor companies, BAC Home Loans Servicing, LP.

## FACTUAL ALLEGATIONS

1. The allegations of paragraphs 1-3 are re-alleged here and incorporated by reference.

2. The TCPA prohibits the use of any "automatic telephone dialing systems" to call cellular telephones.

3. "Automatic telephone dialing system" means any equipment that has the "*capacity* to dial numbers without human intervention." *Griffith v. Consumer Portfolio Serv., Inc.*, 2011 WL 3609012 (N.D.Ill. Aug. 16, 2011)(emphasis original).

4. Since 2009 till to date BofA regularly used one or more "automatic telephone dialing systems" in collecting mortgage debts it believes to be overdue.

5. The Defendant is attempting to collecting a Mortgage Debt owed by Plaintiff via its phone calls made to Plaintiff's cellular phone using an automated dialing system.

6. On April 30th, 2010, Plaintiff filed for bankruptcy. (Case 2:10-bk-27210 Doc 1).

7. As part of Plaintiff's bankruptcy, the debt at issue in this case was fully discharged. (Case 2:10-bk-27210-TD Doc 1 and 19)

8. Defendant was made aware of this bankruptcy petition and subsequent discharge, as verified in the Mailing List of Plaintiff's petition. (Case 2:10-bk-27210 Doc 1)

9. Defendant was not permitted to contact plaintiff to collect his allegedly overdue mortgage debt, after the filing of the bankruptcy, both by operation of law through the automatic stay, and because the affirmative act of filing a bankruptcy constitutes sufficient notice

that a consumer does not wish to be contacted directly by creditors, regarding alleged debts.

10. Plaintiff and her bankruptcy counsel verbally requested Defendant on several occasions for all calls and contact to immediately stop.

11. Despite these unequivocal instructions not to call, Defendant continued to call Plaintiff on her cellular telephone using TCPA-regulated dialing equipment.

12. Plaintiff's phone records evidence at least 118 calls made to her cellular phone by the Defendant between December 23rd, 2010 and October 12th, 2012. **Exhibit A**

13. According to telephone conversations, Plaintiff understands that Defendant had a policy of not honoring demands to stop calling under certain circumstances.

14. Apparently, Plaintiff fell into a particular factual circumstance where Defendant decided that its automated collection calls were more important than Plaintiff's bankruptcy automatic stay, and more important than Plaintiff's right to demand that automated calls to her cellular telephone cease.

15. Defendant later sold its debt and/or transferred servicing rights to Bayview Loan Servicing despite having sufficient notice that Plaintiff's debt was included and discharged in her bankruptcy.

16. Defendant has regularly contacted Plaintiff, often using one or more "automatic telephone dialing systems" in an attempt to collect the alleged debt.

17. Plaintiff believes that at least a few if not all of the calls made by the Plaintiff were autodialed because: (1) on several occasions Plaintiff was greeted by an automated voice when she answered the phone; and/or (2) calls made by the Defendant had a standard pause and gap before a live operator was available.

18. Plaintiff did not provide express consent for calls made by the Defendant to her cellular phone. Alternatively, any prior express consent that was provided was revoked by Plaintiff's affirmative act of filing a Bankruptcy; by operation of law as a result of the automatic stay; and by Plaintiff's affirmative act of verbally demanding for the calls to stop.

19. Plaintiff was substantially damaged by the violations alleged herein. She was subjected to illegal harassment when he was entitled to peace and his privacy was improperly invaded.

## LEGAL ALLEGATIONS

20. The Allegations of paragraphs 1-18 are re-alleged here and incorporated by reference.

21. Defendant called Plaintiff's cellular telephones using an automatic telephone dialing system.

22. Defendant did not have prior express consent for such calls.

23. Defendant violated TCPA §227(b)(1)(A)(iii) by placing calls via an automated dialing system to Plaintiff's cellular phone device.

24. Defendant's violations were negligent, or alternatively, they were willful. 47 U.S.C. §312(f)(1).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of himself and against Defendant that provides the following relief:

    a.    Statutory damages granted by the TCPA;

    b.      An injunction prohibiting Defendant from placing future calls to Plaintiff's cellular phone using an automatic telephone dialing system and/or a prerecorded voice message without his prior express consent.

    c.      Any other relief the Court finds just and proper.

Respectfully submitted,

<u>12/17/13</u>  
DATE

/s/Syed Ali Saeed  
Syed Ali Saeed (#28759-49)  
1433 N. Meridian St., Suite 202  
Indianapolis, IN 46202  
Phone: 317-614-5741  
Fax: 888-422-3151  
ali@sllawfirm.com

**JURY DEMAND**

Plaintiff demands trial by jury.

/s/Syed Ali Saeed
Syed Ali Saeed (#28759-49)
1433 N. Meridian St., Suite 202
Indianapolis, IN 46202
Phone: 317-614-5741
Fax: 888-422-3151
ali@sllawfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the on the 17th day of December, 2013 a copy of the foregoing Motion was mailed to the following recipients: (1) by first-class U.S. Mail, postage prepaid, and properly addressed; or (2) sent via the courts electronic filing system.

Registered Agent of Bank of America, N.A.
CT CORPORATION SYSTEM
150 West Market Street Suite 800
INDIANAPOLIS , IN  46204

/s/Syed Ali Saeed
Syed Ali Saeed (#28759-49)
1433 N. Meridian St., Suite 202
Indianapolis, IN 46202
Phone: 317-614-5741
Fax: 888-422-3151
ali@sllawfirm.com